IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 20, 2003 Session

**DANIEL BILLS, JR., ET AL. v. CONSECO INSURANCE CO.**

**Direct Appeal from the Chancery Court for Sumner County**
**No. 2001C-296     Tom E. Gray, Chancellor**

_____

**No. M2002-01906-COA-R3-CV - Filed October 28, 2003**

_____

Holly M. Kirby, J., concurring separately.

I write separately for two reasons. First, to emphasize the need for the legislature to address the statutes governing the intoxication exclusion in group insurance policies. The majority opinion rightly notes that the legislature enacted a statute, Tennessee Code Annotated § 56-26-109, which specifies that an intoxication exclusion may exclude coverage only for a loss sustained "in consequence of the insured's being intoxicated," that is, a loss *caused* by the insured's intoxication. This is not applicable to a group policy, however, as specified in Tennessee Code Annotated § 56-26-122. As a result, a group insurance policy may exclude coverage for an insured if the injury occurs when the insured is intoxicated, even if the intoxication in no way caused the accident. In other words, if the insured is drinking while a passenger in a vehicle, or indeed drinking wine with dinner in his own home, and is struck by an errant vehicle, his injuries are not covered by his insurance if it is a group policy. This makes no sense. The majority is correct in applying the statutes and the policy as written in this case, but the inconsistency in treatment under the statutes should be remedied by our legislature.

The second reason for this separate concurrence is to explain a portion of my analysis of the affirmance of the trial court's grant of summary judgment in favor of Conseco. The provision in this policy excludes from coverage a loss sustained while the insured is "intoxicated" or "under the influence of intoxicants." Bills's blood-alcohol level of 0.137, of course, raises the rebuttable presumption that he was intoxicated, so the issue is whether Bills has proffered sufficient evidence to rebut that presumption and create a genuine issue of fact.

The evidence proffered by the Bills, and noted by the majority, is insufficient for a variety of reasons. The Bills raise the issue that the pain medication may have affected the BAC level, but present no expert testimony to establish this. They assert that one of the paramedics on the scene of the accident told Mr. Bills that his son seemed "perfectly fine," clearly inadmissible hearsay, and do not submit an affidavit by the paramedic who made that statement.

A closer question arises, however, from the son's deposition, and this merits discussion. In the deposition, in response to a question about whether he considered himself intoxicated at the time of the accident, Bills, Jr. replied that he did not. His opinion may be dubious indeed in light of a blood-alcohol level of 0.137 and the other surrounding circumstances. However, since we do not assess credibility at this point, it is likely sufficient to create a genuine issue of fact regarding whether Bills was "intoxicated," sufficient to survive a motion for summary judgment.

Nevertheless, the provision in this policy also excludes coverage for a loss incurred when the insured is "under the influence of intoxicants . . . ." While Bills states in his deposition his opinion that he was not intoxicated, he does not assert that he was not "under the influence of intoxicants." Therefore, in light of his BAC level of 0.137, there is no genuine issue as to whether Bills was "under the influence of intoxicants," and the trial court rightly granted summary judgment in favor of Conseco. I concur in the affirmance of the trial court's decision on this basis.

_____

HOLLY M. KIRBY, J.